IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL A. MARKS,

                                                                                   OPINION and ORDER

                Plaintiff,

                                                                                  17-cv-367-bbc

     v.

UNION BANK OF BLAIR,
CARL AXNESS, DENNIS STEPHENSON,
LOREN RAUSCH and ANDREW SEMB,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Daniel Marks has filed a complaint against defendant Union Bank of Blair and several individuals he says are officers of the bank. Because plaintiff is proceeding in forma pauperis, I must screen the complaint in accordance with 28 U.S.C. § 1915(e)(2). Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1022 (7th Cir. 2013).

      The body of plaintiff's complaint is only one page long and it includes little context or explanation. However, from the complaint and the three attachments (an administrative grievance plaintiff filed, a letter accompanying the grievance and a response to the grievance from defendant Carl Axness), I understand plaintiff to be alleging that he had a mortgage from the bank and that he is dissatisfied with defendants' handling of the mortgage in numerous respects. He says that defendants "intentionally inflicted injury" on him, leading to the loss of his home and business; threatened to "kick his ass" and "remove[d] [him] from

1

[the] bank"; "attempt[ed]" to take items from him that had been "awarded to [him] in bankruptcy proceedings"; lied during bankruptcy proceedings; "defrauded" him; and sold items belonging to him.  Although plaintiff does not say expressly that the bank foreclosed on his property, Wisconsin's electronic court records database shows that the bank obtained a foreclosure judgment against plaintiff in 2015 and a sale was confirmed in 2006.  Union Bank of Blair v. Marks, No. 2013cv255 (Trempeleau Cty. Cir. Ct.), available at https://wcca.wicourts.gov.

The first question raised by plaintiff' allegations is whether they provide a basis for exercising subject matter jurisdiction, which is a threshold requirement for every case filed in federal court.  State of Illinois v. City of Chicago, 137 F.3d 474, 478 (7th Cir. 1998) ("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further.").  Plaintiff does not allege that he and defendants are citizens of different states, so there is no diversity jurisdiction under 28 U.S.C. § 1332.  Instead, plaintiff says that the court has jurisdiction because he is a "disabled senior citizen" and he is claiming "discrimination based on age and disability."  In the civil cover sheet accompanying his complaint, plaintiff cites a federal statute, the Equal Credit Opportunity Act, suggesting that he believes jurisdiction is present under 28 U.S.C. § 1331, which allows federal courts to hear cases raising claims under federal law.

The Equal Credit Opportunity Act prohibits a creditor from discriminating against a credit "applicant" because of the applicant's race, color, religion, national origin, sex, marital status or age; because the applicant receives some or all of his or her income from a

2

public assistance program; or because the applicant exercised a right protected by the Consumer Credit Protection Act. 15 U.S.C. § 1691(a). Although the Equal Credit Opportunity Act does not prohibit discrimination because of an applicant's disability, I understand petitioner to be alleging that he receives Social Security benefits, which would qualify as income from a public assistance program. An "adverse action" that qualifies as discrimination under the Act may include "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6).

One problem with plaintiff's claim under the Equal Credit Opportunity Act is that he does not identify any particular action that any of the defendants took because of his age or receipt of Social Security benefits, let alone an action that is listed in § 1691(d)(6). Without such allegations, plaintiff does not state a claim for discrimination under the Act.

Plaintiff also includes an allegation that "defendant acted out of retaliation for plaintiff's whistle blower complaint." Cpt. ¶ 6, dkt. #1. Plaintiff does not explain what he means by this, but presumably he is referring to the administrative grievance that he filed with the Wisconsin Department of Financial Institutions, which he attached as an exhibit to his complaint in this court. Cpt. dkt. #1-1. In the grievance, plaintiff alleges that defendant Loren Rausch "promised . . . that [his] status at [the bank] would be brought current by [his] vacant land sale," but, after the sale, "they decided to leave [him] in serious arrears."

This allegation does not state a claim under the Equal Credit Opportunity Act. As

an initial matter, plaintiff does not identify any particular act by any particular defendant that was motivated by plaintiff's administrative complaint, so plaintiff has not provided fair notice of his claim. A more fundamental problem is that the Act does not provide general "whistle blower" protection as plaintiff suggests. E.g., Haug v. PNC Financial Services Group, Inc., 2013 WL 978144, at *6 (N.D. Ohio 2013) (Act did not protect plaintiff's "report outlining irregularities in the bank's Columbus loan center"); Obi v. Chase Home Finance, LLC, 2011 WL 529481, at *6 (N.D. Ill. 2011) (Act did not protect lawsuit plaintiff filed). Rather, the Act prohibits retaliation for an applicant's exercise of a right under the Consumer Credit Protection Act. Plaintiff does not cite any provision of that Act that protects the right of a consumer to file an administrative complaint with a state agency and my own review of the Act did not reveal an applicable provision. More generally, I am not aware of any federal statute that would protect plaintiff's alleged conduct.

The Equal Credit Opportunity Act is the only federal law that plaintiff cites in his complaint. Although plaintiff is not required to identify a particular legal theory at this stage of the proceedings, I am not aware of any other federal law under which plaintiff could proceed. Some of plaintiff's allegations suggest that he believes defendants violated *state* laws related to fraud, conversion and intentional infliction of emotional distress, but violations of state law do not provide a basis for exercising jurisdiction under § 1331.

Without a basis for jurisdiction, plaintiff cannot proceed in this court. Although it seems unlikely that plaintiff could add allegations to his complaint that would provide a jurisdictional basis, I will give him an opportunity to try.

4

If plaintiff chooses to file an amended complaint, he will face another jurisdictional obstacle, which is called the Rooker-Feldman doctrine. Under that doctrine, a party cannot maintain a federal lawsuit to challenge a state court judgment, including a foreclosure. Mains v. Citibank, N.A., 852 F.3d 669 (7th Cir. 2017). Plaintiff includes so few facts in his complaint that it is difficult to tell whether any of his claims are independent of the state court foreclosure judgment, but if any claims in plaintiff's amended complaint seek to undermine that judgment, those claims will have to be dismissed.

ORDER

IT IS ORDERED that plaintiff Daniel Marks's complaint is DISMISSED for lack of subject matter jurisdiction. Plaintiff may have until July 6, 2017, to file an amended complaint showing that jurisdiction is present. If plaintiff fails to respond by July 6, I will direct the clerk of court to enter judgment and close the case.

Entered this 19th day of June, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge