IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL A. MARKS,

           Plaintiff,

   v.

UNION BANK OF BLAIR,
CARL AXNESS, DENNIS STEPHENSON,
LOREN RAUSCH and ANDREW SEMB,

           Defendants.

ORDER

17-cv-367-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Daniel Marks has filed an amended complaint in response to this court's decision to dismiss the original complaint and give plaintiff an opportunity to correct the problems the court identified. Because the amended complaint does not include any allegations that state a claim under federal law, I am dismissing the complaint for lack of jurisdiction. Plaintiff remains free to pursue his state law claims in state court.

     In his original complaint, plaintiff alleged that defendant Union Bank of Blair and several of its employees had treated him unfairly in various ways, leading to the foreclosure and sale of his property. I screened the complaint in accordance with 28 U.S.C. § 1915(e)(2) and concluded that plaintiff had not stated a claim under federal law. Plaintiff cited the Equal Credit Opportunity Act, which prohibits a creditor from discriminating against a credit "applicant" because of the applicant's race, color, religion, national origin, sex, marital status or age; because the applicant receives some or all of his or her income

from a public assistance program; or because the applicant exercised a right protected by the Consumer Credit Protection Act. 15 U.S.C. § 1691(a). The Act applies to "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6). Plaintiff did not state a claim under the Act because he did not allege that any defendant took any action covered by the Act for a prohibited reason.

Although plaintiff included various allegations suggesting that defendants may have violated *state* law by committing fraud or theft or breaching a fiduciary duty, I explained to plaintiff that I could not exercise jurisdiction over those claims unless plaintiff was proceeding on a federal claim or he and defendants had diverse state citizenship. I also noted that plaintiff could not challenge his foreclosure because federal courts do not have authority to overturn civil judgments obtained in state court. Accordingly, I gave plaintiff an opportunity to elaborate on his allegations under the Equal Credit Opportunity Act and to clarify whether he was challenging his foreclosure.

Plaintiff's amended complaint includes a few more details about defendants' conduct, but still missing are any allegations that any defendant took an action covered by the Equal Credit Opportunity Act for a prohibited reason or that he and defendants are citizens of different states. Further, plaintiff still seems to be challenging the foreclosure judgment because he includes in his request for relief an injunction to "reverse" the sale of his real property. Because plaintiff has not corrected any of the problems in the original complaint, I am dismissing the case. If plaintiff believes that defendants violated his rights under state

2

law, he will have to seek relief in state court.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to enter judgment accordingly.

Entered this 1st day of August, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge